UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID HOWELL,

Plaintiff,

v.

MAIZE W. PUSICH,

Defendant.

Case No. 3:17-cv-00736-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

1    particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

2    (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be

3    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

4    335 U.S. 331, 339 (1948).

5    　　　　When a prisoner seeks to proceed without prepaying the filing fee:

6    　　　　[I]n addition to filing the affidavit filed [as described above], [the prisoner] shall
　　　　submit a certified copy of the trust fund account statement (or institutional

7    　　　　equivalent) for the prisoner for the 6-month period immediately preceding the filing
　　　　of the complaint or notice of appeal, obtained from the appropriate official of each

8    　　　　prison at which the prisoner is or was confined.

9    28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

10    　　　　(1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to
　　　　pay the full amount of a filing fee. The court shall assess and, when funds exist,

11    　　　　collect, as a partial payment of any court fees required by law, an initial partial
　　　　filing fee of 20 percent of the greater of --

12    　　　　(A) the average monthly deposits to the prisoner's account; or
　　　　(B) the average monthly balance in the prisoner's account for the 6-month period

13    　　　　immediately preceding the filing of the complaint of notice of appeal.
　　　　(2) After payment of the initial partial filing fee, the prisoner shall be required to

14    　　　　make monthly payments of 20 percent of the preceding month's income credited to
　　　　the prisoner's account. The agency having custody of the prisoner shall forward

15    　　　　payments from the prisoner's account to the clerk of the court each time the amount

16    　　　　in the account exceeds $10 until the filing fees are paid.

17    28 U.S.C. § 1915(b)(1), (2).

18    　　　　Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC). Plaintiff's

19    certified account statement indicates that his average monthly balance for the last six months was

20    $0.19, and his average monthly deposits were $4.17.

21    　　　　Plaintiff's application to proceed IFP should be granted. Given the amount of his average

22    monthly balance and average deposits (and that his balance at the time of the filing was $0.22),

23    Plaintiff will not be required to pay an initial partial filing fee at this time; however, whenever his

24    prison account exceeds $10, he should be required to make monthly payments in the amount of

25    twenty percent of the preceding month's income credited to his account until the $350 filing fee is

26    paid.

27    ///

28    ///

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

1       A complaint must contain more than a "formulaic recitation of the elements of a cause of
2   action," it must contain factual allegations sufficient to "raise a right to relief above the speculative
3   level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain
4   something more ... than ... a statement of facts that merely creates a suspicion [of] a legally
5   cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure §
6   1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a
7   claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,
8   678 (2009).

9       A dismissal should not be without leave to amend unless it is clear from the face of the
10  complaint that the action is frivolous and could not be amended to state a federal claim, or the
11  district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d
12  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

13  **B. Plaintiff's Complaint**

14      Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, asserting claims for
15  violation of his rights under the Due Process Clause and Equal Protection Clause of the Fourteenth
16  Amendment, as well as the Eighth Amendment by his appointed public defender, Maize Pusich.
17  Plaintiff alleges that despite his instruction to do so, Pusich failed to notify NDOC officials of risks
18  of harm involved in housing him in general population and advising that he should be placed in
19  administrative segregation. He alleges that her failure to do so resulted in his receiving death
20  threats and has otherwise been degraded. Plaintiff claims that her actions were racially motivated.

21      Plaintiff does not state a claim for relief under 42 U.S.C. § 1983. To state a claim under
22  section 1983, Plaintiff must allege that a defendant acted under color of state law to deprive him
23  of rights secured by the Constitution or federal statute. *See Pistor v. Garcia*, 791 F.3d 1104, 1114
24  (9th Cir. 2015). A defendant acts under color of state law where he or she has "exercised power
25  'possessed by virtue of state law and made possible only because the wrongdoer is clothed with
26  the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v.*
27  *Classic*, 313 U.S. 299, 326 (1941)). An assigned public defender is not ordinarily considered a
28  state actor. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057,

- 4 -

1  |  1079 (9th Cir. 2008); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public

2  |  defender is ordinarily not considered a state actor).

3  |       Therefore, it is recommended that this action be dismissed with prejudice for failing to

4  |  state a claim upon which relief may be granted.

5  |       **III. RECOMMENDATION**

6  |       IT IS HEREBY RECOMMENDED that the District Judge enter an order:

7  |       (1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required

8  |  to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he should

9  |  be required to make monthly payments in the amount of twenty percent of the preceding month's

10 |  income credited to his account until the full $350 filing fee is paid. This is required even if the

11 |  action is dismissed, or is otherwise unsuccessful.  The Clerk should be directed to **SEND** a copy

12 |  of any order adopting and accepting this Report and Recommendation to the attention of **Chief of**

13 |  **Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV

14 |  89702.

15 |       (2) The Complaint (ECF No. 1-1) should be **FILED**.

16 |       (3) The action should be **DISMISSED WITH PREJUDICE**.

17 |       The Plaintiff should be aware of the following:

18 |       1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

19 |  this Report and Recommendation within fourteen days of receipt. These objections should be titled

20 |  "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by

21 |  points and authorities for consideration by the district judge.

22 |       2. That this Report and Recommendation is not an appealable order and that any notice of

23 |  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

24 |  until entry of judgment by the district court.

25 |  DATED: January 30, 2018.

26 |                                             WILLIAM G. COBB

27 |                                           UNITED STATES MAGISTRATE JUDGE

28 |